**In re STUART MOTEL, INC., Debtor.**

**COLUMBIA BANKING SAVING AND LOAN ASSOCIATION, Plaintiff,**

v.

**STUART MOTEL, INC., Defendant.**

**Bankruptcy No. 80–00064–BKC–JAG.**
**Adversary No. 80–00075–BKC–JAG–A.**

United States Bankruptcy Court,
S. D. Florida.

Dec. 9, 1980.

Samuel S. Sorota, Steinberg, Sorota & Wohl, P. A., Miami Beach, Fla., for debtor.

Ronald A. Harbert, Mateer, Harbert, Bechtel & Phalin, P. A., Orlando, Fla., for Columbia Banking Saving & Loan Ass'n.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

In this adversary proceeding the plaintiff is the holder of the first mortgage on real property owned by the defendant-debtor, a motel which is the sole substantial asset of the debtor. Plaintiff seeks to have the court modify the automatic stay by permitting it to complete the foreclosure action in the State of Florida court which was instituted prior to and pending at the time the defendant-debtor filed its petition under chapter 11 of the Bankruptcy Code in this court.

The trial of this adversary proceeding was commenced on June 4, 1980 and concluded on June 10, 1980. (See below for references to the order denying confirmation of debtor's proposed plan of reorganization as amended and opinion entered on December 4, 1980 in the main proceeding, Case No. 80–00064–BKC–JAG pursuant to comprehensive evidence and argument presented by various interested parties at the hearing on confirmation October 30, 1980.)

The undisputed evidence is that the plaintiff is the owner and holder of a first mortgage on the motel property owned by the defendant–debtor as described in the adversary complaint and that no payments on account of principal or interest have been made by the debtor to the plaintiff-mortgagee since February, 1979. The note and mortgage required debtor to pay $11,749 on the first day of each and every month, including interest at the rate of nine percent per annum. The mortgage documents likewise required the debtor to pay ad valorem taxes as they became due and to keep hazard insurance in effect. The debtor has not paid the taxes for 1977, 1978, 1979 and 1980. Tax certificates against the said property for prior years are outstanding and constitute liens superior to plaintiff's. The debtor has also failed to pay hazard insurance premiums, necessitating payment thereof by the plaintiff in the amount of $12,289.

The debtor is not in fact operating the motel property and therefore the debtor-in-possession reports filed in the main proceeding by the debtor reflect no cash flow whatsoever. The operating lessee of the motel property is an affiliated corporation Stuart Inn, Inc. of which the sole stockholder of the debtor, Theodore S. Keehn, is majority stockholder. However the debtor is deriving no income from such operation and there is evidence that some of the revenue has been used for other than motel purposes.

Under the most favorable to the debtor computation of the balances of the four existing mortgages and tax certificate liens against the subject property, the total of the said encumbrances exceeds $1,800,000 and because of these liens the equity is eroding at a rate far in excess of $500 per day just on the accruing interest, penalty interest, and late charges on the unpaid mortgage balances and tax liens. While there still remains some "equity cushion" it is no longer the sufficiency of cushion that the plaintiff had bargained for in acquiring its mortgage. The expert appraiser opinion testimony varies from a low evaluation of

$2,000,000 assigned to the property by the plaintiff's expert to a $3,200,000 valuation assigned by the defendant's expert. The court is of the opinion that neither appraiser is exactly correct but finds that the actual value is between the two extremes. However, it is not necessary to find the exact value and the exact amount of equity cushion in order to resolve the issues in this adversary proceeding.

By reason of the fact that the equity cushion is eroding so rapidly and that the plaintiff has been deprived of the use of its funds for such an extended period of time and by further reason of the fact that the court has found in its order denying confirmation of debtor's proposed plan that it was unlikely that the debtor could have a successful plan of reorganization since its proposed plan had been amended and modified on several occasions, thus indicating that the debtor made its best effort, the court concludes that the creditor is not receiving adequate protection under 11 U.S.C. § 362(d)(1) and therefore is entitled to a modification of the stay unless the debtor complies with the conditions set forth below and in the separate Final Judgment being entered in this case. The improvements made by the debtor or its lessee on its behalf do not constitute adequate protection to this creditor-plaintiff.

The adequate protection required hereinafter in these Findings and Conclusions and in the separate Final Judgment cannot make the plaintiff whole or bring the arrearages up to date and are not designed to do so. The adequate protection in the form of payments to be made by the debtor to the creditor are only to restore some of the money which the creditor should have had through the months since it commenced its state court foreclosure action. There is no effort here to calculate the amount of penalty interest and late charges nor to determine the exact principal balance as to which there has been some dispute between the parties because of a difference over the application of payments previously made and the adding of certain preexisting arrearages to the principal balance at some point predating these proceedings. These amounts can be precisely calculated by the state court in the foreclosure action in the event that the debtor fails to provide the adequate protection prescribed herein or later in this court if it becomes necessary to make such calculation.

The court finds that in order for the plaintiff to have adequate protection the defendant should pay to it all of the monthly payments which have become due since the inception of the state court foreclosure action in April, 1979 through December, 1980 or a total of twenty-one months at $11,749 per month plus the $12,289 insurance premium advanced by the plaintiff for a total payment to the plaintiff of $259,018 which must be paid within ten days of the date hereof and a certificate of payment filed herein.

In addition, the defendant must pay all unpaid and outstanding ad valorem taxes either by redemption of the tax certificates heretofore issued or by paying the amount of the said taxes to the taxing authority so that there will be no lien for taxes against the property. This also must be done within ten days of the date hereof and proof thereof must be filed with this court and copies furnished to the plaintiff. 1980 ad valorem taxes must be paid before they become delinquent.

In addition, the debtor must pay to the plaintiff the sum of $11,749 per month on the first day of each month commencing January 1, 1981 and must keep all insurance required in the mortgage documents in full force and effect and pay the premiums for such insurance as such premiums become due.

The failure to abide by any of the requirements of these Findings and Conclusions as incorporated in the Final Judgment being entered herewith shall upon presentation of prima facie evidence of such failure by the plaintiff result in an order modifying the stay to the extent necessary to permit the plaintiff to proceed with its state court foreclosure action.

As is required by B.R. 921(a), a separate Final Judgment is being entered continuing

the automatic stay upon condition that the debtor-defendant comply with the requirements imposed upon it herein.