**In re H & F INVESTMENT COMPANY, LTD., Debtor.**

**MID–AMERICAN NATIONAL BANK AND TRUST COMPANY, Plaintiff,**

v.

**H & F INVESTMENT COMPANY, LTD., Defendant.**

**Bankruptcy No. 80–0519.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Jan. 21, 1981.

David A. Bryan and John C. Wasserman, Wasserman, Wasserman, Bryan & Landry, Toledo, Ohio, for plaintiff.

H. Buswell Roberts and Vaughn A. Hoblet, Hayward, Cooper, Straub, Walinski & Cramer, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This case came on for hearing on the Complaint of the Plaintiff, Mid-American National Bank and Trust Company, for a Relief From Stay which exists under Section 362 of the Bankruptcy Code.

Appearing for the Plaintiff were David A. Bryan and John C. Wasserman and for the Debtor-Defendant were H. Buswell Roberts and Vaughn A. Hoblet.

After testimony of several witnesses, the admission of several exhibits, and submission of memoranda from both Plaintiff and Defendant, the Court finds the following:

1.) There have been no payments from the Debtor to Plaintiff, a second mortgage holder, since May of 1979. There have been no payments to First Federal Savings and Loan Association of Toledo, the first mortgage holder, since August of 1980.

2.) The amount remaining to be paid to First Federal approximates Four Hundred Ninety-Six Thousand Dollars ($496,000.00), with a daily interest rate of approximately One Hundred Thirty-Five Dollars ($135.00).

The amount remaining to be paid to Plaintiff is approximately Four Hundred Seven Thousand Dollars ($407,000.00), with a daily interest rate of approximately Ninety-Three Dollars ($93.00).

3.) The restaurant side of the business (Sweetwater Cafe) is closed and not in operation and has been so since the end of 1980.

The night-club side of the business (Nirvana) is only open Wednesday, Friday and Saturday nights to be able to pay for the utilities and maintain the insurance policy premiums. From the income on these nights must come the actual operating expenses, with the leftover, if any, to pay for the utilities and premiums.

4.) Attempts are being made to find lessees for both sides of the business, but thus far, negotiations with two different parties have not been fruitful. The restaurant negotiations involve the possibility of a lessee who would completely revise the format of

the restaurant, requiring remodeling and restocking the business resulting in a longer start-up time than would be required if the existing format were used. There have been negotiations concerning the night-club side, but it appears that seven weeks have elapsed and the parties are still very far apart from agreement.

5.) Among the taxes which remain unpaid are Real Estate Taxes of approximately Seventeen Thousand Dollars ($17,000.00), together with Workmen's Compensation, Unemployment Compensation and Personal Property Taxes which remain to be calculated, but would remain a priority in any plan of payment.

6.) The Debtor is attempting to generate in its negotiations with the potential Lessees, the sum of Fourteen Thousand Six Hundred Dollars ($14,600.00) per month, but as no lease has been agreed to by either party, the sum remains speculative.

7.) Even though an appraisal has been offered to indicate the value of the real estate to be worth One Million Dollars ($1,000,000.00), the mortgage obligations and tax obligations remain unpaid and growing in amount.

8.) The personal property which might be used as a potential collateral appears to be secured to other creditors.

Therefore, as a result of the foregoing findings and the opinion of the Court that whatever "cushion" exists to protect the secured creditors is being quickly eroded by the continuing increase in daily interest costs of the mortgages and unpaid taxes, thereby giving inadequate protection to the secured creditors,

It is ORDERED, ADJUDGED and DECREED that the Complaint of Plaintiff to have the stay against Mid-American National Bank and Trust Company relieved is hereby GRANTED and the Mid-American Bank and Trust Company is authorized to pursue its remedies in State or Federal Courts to enforce its security interests against the Debtor. As to all other parties, the stay of Section 362 is continued in full force and effect.