Delbert W. LAYNE, Mary E. Layne, Plaintiffs,

v.

OMNI/CO. INC., Defendant.

In the Matter of OMNI/CO. INC., FKA Art Homes Inc., Also DBA Fairborn Leasing Company and Del Layne, Inc., Debtor.

Bankruptcy No. 3–80–1630.
Adv. No. 3–81–0303.

United States Bankruptcy Court, S. D. Ohio, W. D.

Dec. 31, 1981.

John Petzold, Dayton, Ohio, for defendant.

William Smith, Dayton, Ohio, for plaintiffs.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter was initiated by Plaintiffs' Complaint requesting either relief from this Court's automatic stay pursuant to 11 U.S.C. § 362(d), or assurance of future adequate protection. The matter came on for trial on September 21, 1981, together with "Stipulations of Fact" and legal briefs submitted by the parties.

The pertinent facts are not in controversy. Debtor owns a 21.61 acre tract of land located in Greene Co., Ohio. Plaintiffs are holders of the "first" mortgage on the property in the amount of approximately $154,-000.00. There are also two junior liens on the property totaling approximately $206,-000.00. The total of the encumbrances against the property, therefore, is approximately $360,000.00. The appraised value of the property, on March 10, 1981, was $422,-000.00, leaving Debtor approximately $64,-000.00 of equity in the property. In addition, the property has present annual rental income of $45,000.00, ($27,000.00 of which is under a contract with a renewed five year term beginning in 1981), and a potential annual rental income of $80,000.00.

All three mortgagees are presently subject to the automatic stay of 11 U.S.C. § 362(a). The Court notes, however, that, to date, the junior mortgagees have neither joined in the instant adversarial nor independently requested relief from the automatic stay. The basic question now before the Court, therefore, is whether Plaintiffs alone are entitled to relief from the automatic stay as permitted in 11 U.S.C. § 362(d), which provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ...

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; *or*

(2) with, respect to a stay of an act against property, if—

(A) the debtor does not have equity in such property; *and*

(B) such property is not necessary to an effective reorganization.

The Court initially notes that the parties agree that Debtor has approximately $62,-000.00 of equity in the property, and that a grant of relief from the automatic stay under 11 U.S.C. § 362(d)(2) would therefore be inappropriate *instanter*. The legal issue confronting the Court therefore is whether "cause" exists to grant relief as permitted in 11 U.S.C. § 362(d)(1). The Court notes that 11 U.S.C. § 362(g) places upon Debtor the burden of proof regarding both the issue of "cause" and subissue of "adequate protection." 11 U.S.C. §§ 362(d) and (g).

Plaintiffs contend that "cause" exists to grant relief from the automatic stay because Plaintiffs' interest in Debtor's property is inadequately protected. Plaintiffs argue that, although Debtor *prima facie* has a substantial equity "cushion" in the property, Debtor's equity is subject to rapid erosion by increasing tax debts, interest accruals, potential sudden loss (Plaintiffs specifically presume that Debtor does not possess insurance), and "sour" market conditions.

The ultimate issue, therefore, is whether Debtor has sufficiently rebutted Plaintiffs' contention of inadequate protection to sustain Debtor's burden of proof on the question of "cause." This Court notes that the question of "cause" is basically resolved by *ad hoc* factual determination. The Court further notes that Debtor's burden of proof under 11 U.S.C. §§ 362(d)(1) and (g) does not require Debtor to make an affirmative showing of a lack of cause, but places the burden on Debtor regarding only those matters placed in issue to enable determination of the question of cause. In other words, Debtor is not responsible to rebut potential straw issues which are neither raised in the parties' pleadings nor implied in the Court record.

In the instant case, the Court finds that sufficient cause does not exist to grant relief from this Court's automatic stay. The Court does not believe sufficient evidence is in the record to determine potential swings in economic conditions affecting property market values, and such is not appropriate for judicial notice. Speculation by Plaintiffs and Debtor that property values will fall or rise, respectively, simply cannot be assumed by the Court. The Court does note, however, that, even in the event of a general decline in property values, Plaintiffs' interest in the property is fully protected and would remain intact despite a 64% impairment in the present value of the collateral.

Plaintiffs' brief presents, by way of argument, discussion of three cases in which a creditor was deemed inadequately protected despite the fact of debtor equity in the subject property. This Court finds these cases distinguishable from the case at bar. In *In re Stuart Motel*, 8 B.R. 50 (Bkrtcy.S.D.Fla.1980), the debtor possessed an estimated $800,000.00 of equity (roughly 30% of the collateral value). The Florida Bankruptcy Court's finding of inadequate protection, however, was based upon factual determinations which do not appear in the matter *sub judice*, such as, (1) an actual rapid erosion of the debtor's equity through massive interest accruals and (2) earlier Court denial of plan confirmation because of the likelihood of plan failure. The holding of *In Re Paradise Boat Leasing Corp.*, 2 B.R. 482, 5 B.C.D. 1122 (Bkrtcy.D.V.I.1979) similarly involved findings of fact not present in the instant matter, including (1) a likelihood of plan failure, (2) unbusinesslike conduct by the debtor, and (3) the possibility of uninsurable loss because of the nature of the collateral (a yacht). In the final case cited, *In re H & F Investment Company, Ltd.*, 9 B.R. 548 (Bkrtcy.N.D.Ohio 1981), the Court relied on facts, again, not present herein, including (1) uncertainty of obtaining rental income, (2) a large debt-equity ratio, and (3) a significant erosion of the debtor's equity by a continuing increase in the daily interest costs and unpaid taxes.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs' request for relief from the automatic stay is DENIED. The Court further finds, however, that Plaintiffs' request for future assurance of adequate protection is reasonable, and it is therefore FURTHER ORDERED that Debtor maintain insurance and current taxes on the property and proceed expeditiously to process the plan of reorganization conformably to the court's superintendency general order and the statutes in such cases made and provided.